**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

Case No.:

NATHAN KERSH,

      Plaintiff,

v.

CITY OF SANFORD, a Florida Municipal Corporation, and
MATTHEW THORNTON, individually,

      Defendants.

_____/

**COMPLAINT**

Comes now Plaintiff, Nathan Kersh, by and through his undersigned attorney, and sues Defendants, City of Sanford and Matthew Thornton, for violating his rights and protections, which have caused him injury, and states:

1. This is a civil action seeking compensatory damages against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured under the laws of the State of Florida and the Constitution and laws of the United States. Plaintiff's federal claims arise pursuant to 42 U.S.C. §§1983 and 1988, for violations of his rights protected by the Fourteenth and Fourth Amendments to the United States Constitution.

2. Venue in this district court is proper because the Defendants are subject to personal jurisdiction in Seminole County, FL., and all events giving rise to Plaintiff's claims occurred in Seminole County, FL.

3. Plaintiff was a resident of Orange County, Florida at all times material to this complaint. He is over the age of 18 years and is otherwise *sui juris*.

4. The City of Sanford is a municipal corporation and is capable of being sued.

5. At the material times, Defendant Thornton was a police officer employed by the City of Sanford, was acting under color of law, was over the age of 18 years, and otherwise was sui juris. Plaintiff sues Defendant Thornton in his individual capacity. In connection with the acts, practices and violations described below, Defendant Thornton directly or indirectly violated Plaintiff Kersh's Constitutional and other legal rights.

6. Plaintiff has fully complied with the conditions precedent to the bringing of this action. On October 26, 2021, Plaintiff served his Notice of Claims on the Florida Department of Financial Services and the City of Sanford by and through the Hon. Art Woodruff, Mayor. No resolution of the claims was reached within six months after the notice was served.

## FACTS COMMON TO ALL CLAIMS

7. On May 26, 2020, Plaintiff was having dinner at a restaurant in downtown Sanford, Florida, with a woman friend.

8. As they dined and talked, they were approached uninvited by Danielle Coats, who after a brief discussion began to strike the Plaintiff and his woman friend.

9. Plaintiff separated Coats from his woman friend, thus ending the attack.

10. Meanwhile, the restaurant staff called 911 and reported there was a disturbance between two women.

11. Plaintiff and a third female witness were standing outside the restaurant when Defendant Thornton approached and asked what was going on.

12. Plaintiff and the third female witness began to answer simultaneously.

13. Defendant Thornton appeared to be annoyed as he instructed Plaintiff not to speak until the female witness was done speaking.

14. Plaintiff complied with that instruction.

15. The female witness did not implicate Plaintiff in any wrongdoing.

16. When the woman witness completed her explanation, Defendant Thornton turned his attention to Plaintiff and demanded his identification.

17. Plaintiff objected and refused to provide his identification.

18. Defendant Thornton threatened Plaintiff with arrest.

19. Plaintiff questioned the legality of the threatened arrest when Defendant Thornton shoved Plaintiff against the wall and then threw Plaintiff violently to the ground.

20. While Plaintiff laid on the ground, Defendant Thornton handcuffed Plaintiff behind his back.

21. Defendant Thornton then tried to yank Plaintiff from the ground by grabbing one arm which was handcuffed behind his back.

22. Plaintiff screamed in pain and asked for help to be lifted from the ground.

23. Plaintiff was arrested, charged with resisting arrest, and transported to the Seminole County jail.

24. While in the Seminole County jail, Plaintiff requested medical attention for his injured shoulder but was denied any medical assistance.

25. After being released from jail, Plaintiff sought medical attention for his injured shoulder.

26. Plaintiff was diagnosed with a torn rotator cuff, which required surgery to repair; Plaintiff underwent that surgery in July 2020.

27. On October 10, 2020, the Office of the State Attorney dropped the charges against Plaintiff and stated:

Defendant's refusal to answer police officer's questions seeking identification information does not constitute ROWV. LEO lacked reasonable suspicion or particularized objective basis for suspecting defendant engaged in criminal activity. Bases of LEO responding involved female suspect, not male. Likelihood of success at trial very low - officer slams defendant unhesitatingly.

28. Plaintiff retained the undersigned to represent him in this matter, and agreed to pay him a reasonable fee for the services.

**COUNT ONE**
**EXCESSIVE USE OF FORCE IN VIOLATION OF**

## THE FOURTH AMENDMENT
### U.S.C. § 1983

29. Plaintiff brings this claim against Defendant Thornton and restates his allegations at paragraphs 1 through 28 as if fully set forth here.

30. This cause of action arises under 42 U.S.C. § 1983 for violations of Plaintiff's right, under the Fourth and Fourteenth Amendments, to be free from the use of excessive force against him.

31. The Fourth Amendment to the United States Constitution protects persons from being subjected to the use of excessive force by police officers, while the Fourteenth Amendment extends the Fourth Amendment's prohibitions to apply to Defendant Thornton.

32. Law enforcement officers may only use the amount of force necessary under the circumstances to make an arrest. In the incident giving rise to this action, however, Defendant Thornton used force against Plaintiff at a level that was unnecessary and excessive under the circumstances.

33. Defendant Thornton acted under color of state law when he deprived Plaintiff of his Fourth Amendment right to be free from the use of excessive force.

34. The amount of force Defendant Thornton used against Plaintiff was unreasonable under the circumstances, and the injuries suffered were grave.

35. Through Defendant's actions, Plaintiff Kersh's rights and protections under the Fourth and Fourteenth Amendments were violated, with devastating results and harm from which he will never fully recover.

36. Plaintiff is entitled to recover his reasonable attorney fees per 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Nathan Kersh requests judgment against Defendant Matthew Thornton for compensatory damages, attorney's fees and costs, any other and further relief that the Court deems just and proper, and requests trial by jury on all issues so triable.

## COUNT TWO
## UNREASONABLE SEARCH AND SEIZURE
## IN VIOLATION OF THE FOURTH AMENDMENT
## U.S.C. § 1983

37. Plaintiff brings this claim against Defendant Thornton and restates his allegations at paragraphs 1 through 28 as if fully set forth here.

38. To treat his injuries, Plaintiff was required to undergo extensive surgery, and was confined to the hospital for many days.

39. Thornton's seizure and imprisonment of Nathan Kersh by slamming him into the wall and then onto the ground was objectively unreasonable and unwarranted under the circumstances and violated Plaintiff's clearly established rights.

40. By seizing and imprisoning Nathan Kersh in the absence of legal process or justification, Defendant Thornton deprived Nathan Kersh of his right to be

free from unreasonable searches and seizures in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

41. As a direct and proximate result of Matthew Thornton's wrongful arrest, Nathan Kersh suffered physical pain and injury, permanent scarring, and other damages.

42. Plaintiff is entitled to recover his reasonable attorney fees per 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests judgment against Defendant Thornton for compensatory damages, attorney's fees and costs, any other and further relief that the Court deems just and proper, and requests trial by jury on all issues so triable.

**COUNT THREE**
**BATTERY**
**UNDER FLORIDA STATE LAW**

43. Plaintiff brings this claim against Defendant Thornton and restates his allegations at paragraphs 1 through 28 as if fully set forth here.

44. Defendant Thornton committed battery on Plaintiff when he shoved Plaintiff into the wall, slammed him onto the ground, and yanked him up by one arm.

45. Defendant committed these acts against Plaintiff in the absence of reasonable cause to believe Plaintiff had committed any crime, let alone any crime that would justify this level of violence.

46. All of the actions committed by Defendant Thornton were committed while he was within the course and scope of his employment as a police officer for the City of Sanford.

47. Defendant Thornton's actions were taken in absence of lawful authority, were objectively unreasonable, and were taken with malicious intent and with a reckless or callous indifference to Plaintiff Kersh's rights.

48. As a direct and proximate result of Defendant's Thornton's, violent unlawful arrest, Plaintiff Nathan Kersh suffered physical pain and injury, permanent scarring, mental anguish and humiliation, and other damages.

WHEREFORE, the Plaintiff requests judgment against Defendant Thornton for compensatory damages and costs, any other and further relief that the Court deems just and proper, and requests trial by jury on all issues so triable.

## COUNT FOUR
## FALSE ARREST OR IMPRISONMENT
## UNDER FLORIDA STATE LAW

49. Plaintiff brings this claim against Defendant Thornton and restates his allegations at paragraphs 1 through 28 as if fully set forth here.

50. When he arrested Plaintiff without any cause to believe Plaintiff had committed any offense, Defendant Thornton forcibly restrained and imprisoned Plaintiff without lawful authority and against Plaintiff's will.

51. Because of the absence of probable cause to believe Plaintiff had committed any crime, Defendant Thornton's actions were taken in the absence of

lawful authority, were objectively unreasonable, and were taken with malicious intent and reckless indifference or callous disregard for Plaintiff Kersh's rights.

52. As a direct and proximate result of Defendant Thornton's wrongful arrest, Plaintiff Kersh suffered physical pain and injury, permanent scarring, mental anguish and humiliation, and other damages.

WHEREFORE, Plaintiff requests judgment against Defendant Thornton for compensatory, punitive damages and costs, any other and further relief that the Court deems just and proper, and requests trial by jury on all issues so triable.

## COUNT FIVE
## MALICIOUS PROSECUTION

53. Plaintiff brings this claim against Defendant Thornton, and restates his allegations at paragraphs 1 through 28 as if fully set forth here.

54. On May 26, 2020, Defendant Thornton, caused criminal proceedings to be initiated against Plaintiff by arresting him falsely and without legal authority for the charges.

55. No reasonable cautious police officer in Defendant Thornton's position would have thought that Plaintiff was guilty of any crime.

56. After he arrested Plaintiff, Defendant Thornton caused a prosecution to be instituted and continued against Plaintiff by presenting his probable cause affidavit and other police reports to the prosecuting authorities.

57. Defendant Thornton's initiation of prosecution was with malice, fraud, reckless disregard for the truth, or with such negligence as to indicate wanton disregard for Plaintiff's right to wit: Defendant Thornton knew or should have known no probable cause existed for the initiation of the prosecution of the Plaintiff.

58. The criminal proceeding was resolved in Plaintiff's favor.

59. The prosecution of Plaintiff became known to many persons, both known and unknown to Plaintiff, as a result of being made part of the public records of Seminole County and appearing on court documents open to public scrutiny, as well as being posted on the Internet and otherwise being made available to the public at large.

60. As a direct and proximate result of the malicious prosecution of Plaintiff, he has suffered grievously. His injuries include but are not limited to the expense of defending against the prosecution; Loss of freedom, liberty, and civil rights for being required to appear in the main available to appear in court; as well as deep humiliation, physical and mental anguish, physical inconvenience and discomfort, disgrace, and harm to his reputation in the community. The emotional and reputation damages continue to this day and will continue in the future in violation of his rights.

WHEREFORE, Plaintiff requests judgment against Defendant Thornton for compensatory damages and costs, any other and further relief that the Court deems just and proper, and requests trial by jury on all issues so triable.

**COUNT SIX**
**FALSE ARREST OR IMPRISONMENT**
**DEFENDANT CITY OF SANFORD**

61. Plaintiff brings this claim against Defendant City of Sanford for wrongful arrest and restates his allegations at paragraphs 1 through 28 as if fully set forth here.

62. Defendant Thornton proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

63. Defendant Thornton's actions were taken in the absence of probable cause and without lawful authority, and therefore constitute false arrest and false imprisonment of the plaintiff under Florida State law.

64. Defendant Thorton's false arrest of Plaintiff was committed by Defendant Thornton while in the course and scope of his employment as a police officer for the Defendant City of Sanford.

65. As a direct and proximate result of the false arrest and false imprisonment of Plaintiff, Plaintiff has suffered grievously. His injuries include are but not limited to the expense of defending against the prosecution that followed the wrongful arrest; loss of liberty, freedom, and civil rights; as well as deep humiliation physical and mental anguish physical inconvenience and

discomfort, disgrace, and harm to his reputation in the community. The emotional and reputation damages continue to this day and will continue into the future, in violation of his rights.

WHEREFORE, Plaintiff requests judgment against Defendant Thornton for compensatory damages and costs, any other and further relief that the Court deems just and proper, and requests trial by jury on all issues so triable.


Dated: March 14, 2023

Respectfully submitted,

s\W. Craig Lawson, P.A.  FL Bar 079103
Attorney for Plaintiff
3918 Via Poinciana Dr., Suite 1
Lake Worth, FL 33467
 (561) 374 8624
craig@craiglawsonlaw.com